CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEBORAH M. PRYOR, | ) |
| | ) Civil Action No. 5:08CV00084 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Deborah M. Pryor, was born on March 4, 1963, and eventually completed her high school education. Ms. Pryor has also completed work on an associates degree. Plaintiff served in the United States Army from July 31, 1990 to January 7, 2000. She started as a unit supply clerk or specialist, and finished her military duty as a unit supply sergeant. Upon returning to the private sector, Ms. Pryor was employed as a counter clerk, greeter, light production worker, and sales

associate/clothes processor. Plaintiff continued to work during the period of time after she filed application for a period of disability and disability insurance benefits. However, the Administrative Law Judge found that plaintiff's employment after her alleged disability onset date did not constitute substantial gainful activity such as to disqualify Ms. Pryor for disability insurance benefits.[1] (TR 16-17).

Plaintiff filed an application for a period of disability and disability insurance benefits on December 20, 2005. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on July 30, 2004, due to asthma, depression, anxiety, suicidal ideation, arthritis, high blood pressure, migraines, rotator cuff injury, and back spasms. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Ms. Pryor met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen. 42 U.S.C. § 423.

Ms. Pryor's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 29, 2007, the Law Judge also determined that Ms. Pryor is not disabled. While the Administrative Law Judge determined that Ms. Pryor suffers from severe impairments (TR 17), the Law Judge's opinion leaves some question as to which of plaintiff's physical and emotional conditions were deemed to be severe. Based on the Law Judge's findings as to Ms. Pryor's residual functional capacity, it would seem that the Law Judge considered plaintiff to be impaired as the result of left shoulder problems and emotional dysfunction. The Law Judge ruled that plaintiff is

---

[1] See 20 C.F.R. § 404.1520(b).

2

disabled for all of her past relevant work roles. (TR 26). The Law Judge assessed Ms. Pryor's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform at least a wide range of unskilled work at the light level of exertion (lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday) that does not involve frequent interaction with the public and coworkers or production rate pace work and that avoids reaching overhead frequently with the left upper extremity. No other significant postural, manipulative, visual, communicative, or environmental limitations are found to exist. (footnotes omitted).

(TR 23-24). Given such a residual functional capacity, and after considering Ms. Pryor's age, education, and prior work experience, as well as testimony from a vocational expert, the Administrative Law Judge found that plaintiff retains sufficient functional capacity to perform several light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Pryor is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Pryor has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

3

education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Pryor suffers from definite problems and limitations associated with her left shoulder, though the exact cause of these difficulties is subject to some question. At various times, she has been said to experience a lacune with hemiparesis of the left shoulder, degenerative changes in the left shoulder, and a left rotator cuff injury. In any event, it is established that Ms. Pryor experiences substantial loss of functional capacity in the left upper extremity. Plaintiff has also been found to experience degenerative changes in the left hip and cervical spine, low back strain, and a history of migraine headaches, asthma, and high blood pressure. However, the court believes that the medical record supports the Law Judge's finding that Ms. Pryor retains sufficient functional capacity for light work activity in which she is not required to use her left shoulder on a sustained basis or for reaching overhead.

Ms. Pryor's emotional problems present a somewhat closer question. The medical record reflects notation of depression at least since 2005. She also carries a diagnosis of post-traumatic stress disorder. However, the mental health specialists who have responded to plaintiff's symptoms have not identified the existence of nonexertional impairments which could be expected to prevent performance of many light work activities for which plaintiff is otherwise physically capable. A psychologist, Dr. Joseph J. Cianciolo, saw Ms. Pryor on several occasions in 2005 and 2006. On October 17, 2005, plaintiff's GAF[2] was said to be 60. On January 25, 2006, and again on March 15,

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 48.

4

2006, Dr. Cianciolo reported marked improvement in Ms. Pryor's symptoms. On April 7, 2006, Dr. Cianciolo reported that Ms. Pryor suffered from a mild, recurrent major depressive disorder. The psychologist assessed plaintiff's status as follows:

> This 43-year-old, single, female presents with a long-term history of depressive illness. She is currently receiving outpatient psychiatric and psychological treatment for same. Despite taking antidepressant medication, she continues with neurovegetative symptomology. She is currently employed, working approximately 32 hours per week and is working with the department of rehabilitation services.
>
> Based upon the results of this evaluation, it appears the patient does possess the intellectual capability to perform both simple and repetitive tasks as well as detailed and complex tasks. Her ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and completing a normal workday or workweek without interruption from psychiatric condition appears to be mildly impaired. It is not likely that she would require additional supervision. She does appear to be capable of accepting instruction from supervisors. Her ability to interact with coworkers and the public as well as coping with routine stressors encountered in competitive work appears to be moderately impaired as a function of depressive illness. While there is no indication for inpatient psychiatric treatment at the present time, the continuation of outpatient psychiatric treatment would be recommended. The patient does appear to be capable of adequately managing her own funds. Prognosis for significant change would appear to be guarded.

(TR 317-18).

Ms. Pryor has also received treatment at Veteran's Administration hospitals. On January 5, 2007, Dr. Gerald L. Brown, a psychiatrist, conducted a clinical evaluation resulting in diagnoses of dysthymia and generalized anxiety disorder. On that occasion, plaintiff was said to have had a good response to medication. Dr. Christopher A. Muller, a psychologist, completed an evaluation on April 29, 2007. Dr. Muller noted a labile affect, though with no impairment of thought processes or communication. Dr. Muller reported a diagnostic history of major depressive disorder and post-traumatic stress disorder. Dr. Muller concluded his study as follows:

> This veteran appears to suffer from both major depression and post-traumatic stress disorder. It is likely that the two diagnoses are intertwined and affect each other in a bidirectional manner and cannot be effectively separated. The post-traumatic stress

5

disorder is likely a combination of her childhood trauma and her military sexual trauma, which likely has aggravated or exacerbated the condition. She is affected in a number of ways, as described above.

(TR 473).

In short, the medical record supports the Law Judge's determination that plaintiff's physical and emotional problems have not progressed to such an extent as to render her totally disabled for all forms of substantial gainful activity. Ms. Pryor's physical problems, while significant, do not appear to limit her performance of lighter levels of exertion. Moreover, while plaintiff has suffered from depression for many years, there is no indication that her depressive symptomatology or her post-traumatic stress disorder are so severe as to prevent all forms of work activity. No doctor has suggested that Ms Pryor is totally disabled. Moreover, while the Law Judge assumed that plaintiff's continuing work did not constitute substantial gainful activity, the fact remains that Ms. Pryor has continued work, albeit on a part-time basis. The Administrative Law Judge correctly noted that, while plaintiff's social interaction is said to be limited, Ms. Pryor has been able to engage in employment activity in proximity to coworkers and the public.

The court believes that the Administrative Law Judge gave plaintiff the benefit of the doubt in formulating an appropriate hypothetical question for the vocational expert. The Law Judge assumed that Ms. Pryor has lost substantial use of her left upper extremity, and that she is not able to engage in work which requires frequent interaction with the public or coworkers. The Law Judge also noted that plaintiff would experience difficulty engaging in production work or in work activity involving frequent reaching overhead. Despite these limitations, the vocational expert identified several specific, alternate work roles in which plaintiff could be expected to successfully perform. It appears to the court that the expert's evaluation of vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. The

6

court concludes that there is substantial evidence to support the Law Judge's reliance on the vocational expert's testimony in identifying alternate work roles in which Ms. Pryor could be expected to perform, despite her particular combination of exertional and nonexertional impairments. Accordingly, the court concludes that there is substantial evidence to support the Commissioner's denial of plaintiff's claim under the fifth step of the sequential disability analysis set forth under 20 C.F.R. § 404.1520.

On appeal to this court, plaintiff argues that the Administrative Law Judge improperly relied on the vocational expert's testimony. Citing Social Security Ruling (SSR) 00-4p, which requires the Commissioner to cite reasons for the resolution of certain conflicts between testimony of a vocational expert and the Dictionary of Occupational Titles, plaintiff contends that the limitations identified by the Administrative Law Judge would not permit plaintiff to perform the jobs of maid and traffic flagger, as identified by the vocational expert as potential, alternate work roles for Ms. Pryor. Plaintiff observed that the DOT characterization of these work roles contemplates some social interaction, and that the Administrative Law Judge determined that social interaction in plaintiff's case should be limited. While Ms. Pryor seeks remand of her case for further development of the administrative record, the court must conclude that the argument advanced by plaintiff does not present good cause for remand.

Under 20 C.F.R. § 404.1560(c), for purposes of determining whether a claimant who is disabled for past relevant work can perform alternate work roles existing in the national economy, 20 C.F.R. § 404.1560(b)(2) provides that the Commissioner may consider "services of vocational experts or vocational specialists, or other resources such as the Dictionary of Occupational Titles." (emphasis added). Thus, the Commissioner may refer to either the testimony of vocational experts or listings in the Dictionary of Occupational Titles in making the assessment required under Step 5

7

of the Sequential Disability Analysis. Social Security Ruling 00-4p provides that an Administrative Law Judge may not rely on alternate work roles postulated by a vocational expert if there is a discrepancy between the vocational expert's characterization of those alternate jobs and the characterization listed in the <u>Dictionary of Occupational Titles</u> in terms of exertional level, skill level, or transferability of skills. The Social Security ruling offers the following examples of inappropriate reliance:

> [I]f all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of "medium" work (20 C.F.R. §§ 404.1567 and 416.967), the adjudicator may not rely on VE testimony that the occupation is "light" work.
> . . . .
>
> VE or VS evidence may not be relied upon to establish that unskilled work involves complex duties that take many months to learn, because that is inconsistent with the regulatory definition of unskilled work. See 20 C.F.R. §§ 404.1568 and 416.968.
> . . . .
>
> [A]n individual does not gain skills that could potentially transfer to other work by performing unskilled work. Likewise, an individual cannot transfer skills to unskilled work or to work involving a greater level of skill than the work from which the individual acquired those skills. See <u>SSR 82-41</u>.

In the instant case, plaintiff relies on a discrepancy between the vocational expert's testimony and the <u>Dictionary of Occupational Titles</u> as to the number of jobs as a maid and traffic flagger which do not require frequent interaction with other persons. It is clear that the vocational expert specifically took into account the hypothetical limitation on interpersonal contact. (TR 586-87). Nevertheless, the vocational expert opined that a large number of work roles not requiring such interaction exist in the national economy. Under 20 C.F.R. § 404.1560, the Administrative Law Judge could rely on the vocational expert's testimony in determining whether a sufficient number of qualifying jobs exist in the national economy without reference to the <u>Dictionary of Occupational</u>

8

Titles. Stated differently, there was no discrepancy in the instant case subject to the provisions of Social Security Ruling 00-4p.[3]

Plaintiff's second argument on appeal is that the Appeals Council failed to consider a new submission offered by plaintiff during the period of time between the issuance of the Law Judge's opinion and the Appeals Council's adoption of that opinion as the final decision of the Commissioner. It seems that on March 20, 2008, plaintiff's attorney wrote the Appeals Council and advised that, apparently as a result of Dr. Christopher Muller's psychological evaluation of April 29, 2007, Ms. Pryor's VA disability rating had been increased to 60%. The Appeals Council did not note receipt of the letter, or make mention of the increased rating in its letter adopting the law Judge's opinion. Plaintiff now seeks remand of the case so that the upgrade in the VA disability rating may be properly considered. See, gen. Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998).

The court is unable to conclude that the submission of new evidence regarding plaintiff's disability rating, regardless of whether the evidence was considered by the Appeals Council, is sufficient to justify remand of plaintiff's case for additional consideration. It is well established that a disability determination made by another governmental agency is not binding on the Commissioner in determining entitlement to benefits under social security law. See 20 C.F.R. § 404.1504. See also DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983); Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968); Hayes v. Celebrezze, 311 F.2d 648, 654 (5th Cir. 1963). In any event, the new VA disability rating in Ms. Pryor's case is consistent with the finding already made by the Commissioner that, while severely impaired, plaintiff is not disabled for all forms of work activity. Thus, the court

---

[3] In passing, the court notes that even if the alternate jobs of traffic flagger and maid are disregarded, the vocational expert also identified a third potential, alternate work role of surveillance monitor. (TR 587).

is unable to conclude that further consideration of the case in light of plaintiff's increased VA disability rating is likely to result in any different administrative disposition. Accordingly, the court finds no cause for remand. See Alexander v. Apfel, supra, at 844, n.3. Ms. Pryor's remedy in such a situation is to file a new application for a period of disability and disability insurance benefits.

For the reasons stated, the court concludes that the Commissioner's denial of plaintiff's application for a period of disability and disability insurance benefits is supported by substantial evidence. Accordingly, the Commissioner's final decision must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Ms. Pryor is free of all pain, discomfort, and emotional dysfunction. Indeed, the medical record confirms that plaintiff suffers from a serious shoulder problem which can be expected to result in a reduction in function and mobility. However, it must again be noted that no doctor has suggested that plaintiff's physical problems are so severe as to contribute to an overall disability. Ms. Pryor also suffers from depression and post-traumatic stress. Nevertheless, no doctor has suggested that her emotional problems are totally disabling in overall impact. It must be recognized that the inability to do work without any subjective symptoms does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of June, 2009.

_____
United States District Judge